UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DMYTRO MALAKHOV,

                   Petitioner,

    v.

ANDREW COOPER,

                   Respondent.

CASE NO. 2:25-cv-01391-LK

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold. Dkt. No. 10. Judge Leupold recommends that the writ of habeas corpus filed by Petitioner Dmytro Malakhov, Dkt. No. 3, be dismissed as unexhausted and without merit. Dkt. No. 10 at 8. No party filed objections. For the reasons described below, this Court adopts the R&R and dismisses the case.

Mr. Malakhov is serving an 18-month sentence after being convicted of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Dkt. No. 8-1 at 2–3. He self-surrendered on January 13, 2025, and was held at the Metropolitan Detention Center in Los Angeles from that date until he was transported to his designated institution, FDC SeaTac, on May

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

8, 2025. *Id.* at 3. Mr. Malakhov began earning First Step Act ("FSA") credits when he was transferred to FDC SeaTac and has "earned 60 days towards early release, which have been applied to the calculation of his sentence." *Id.* With good conduct time and FSA credits, his projected release date is January 22, 2026. *Id.* at 3, 6.

On July 23, 2025, Mr. Malakhov filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that the Bureau of Prisons ("BOP") "fail[ed] to apply earned time credits . . . under [the] First Step Act of 2018." Dkt. No. 3 at 6. He contends that he was "wrongly denied" the credits when he "[e]ntered FDC-LA" on January 13, 2025, and did not start receiving credits until he was transferred to FDC SeaTac in May 2025. *Id.* 6–7.

The Government responds that Mr. Malakhov "is not entitled under the First Step Act to earn time credits for the period between his sentencing and designation at a BOP facility, particularly when he was not engaged in any evidence-based recidivism reduction programming or other productive activities as required by the Act." Dkt. No. 6 at 2; *see also* Dkt. No. 8-1 at 3 (according to its records, Mr. Malakhov "has not engaged in any programming or activities that the BOP considers to be evidence-based recidivism reduction programming or other 'productive activities,' even after his arrival at the FDC."). The Government states that although Mr. Malakhov filed an initial complaint about the credits in June 2025, he did not appeal the denial of his complaint to either the Western Regional Counsel or BOP's General Counsel. Dkt. No. 8-1 at 4. Consequently, he did not exhaust his administrative remedies. *Id.* at 3–4.

On December 15, 2025, Judge Leupold issued an R&R concluding that Mr. Malakhov failed to exhaust his administrative remedies or show that exhaustion was futile or waived. Dkt. No. 10 at 5–7. Accordingly, Judge Leupold recommended that the Court dismiss Mr. Malakhov's

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

petition for failure to exhaust. *Id.* at 7.[1] Judge Leupold also recommended that the Court deny the habeas petition on the merits because Mr. Malakhov "failed to provide any evidence that he successfully participated in programs covered by the FSA to earn credits before his arrival to FDC SeaTac." *Id.* at 7. Objections to the R&R were due by December 29, 2025, *id.* at 8, but no party filed objections.

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

For the reasons provided by Judge Leupold in his R&R, Dkt. No. 10, the Court finds that Mr. Malakhov has failed to exhaust his administrative remedies, doing so would not have been futile, and the BOP did not waive the requirement. In addition, the Court agrees with Judge Leupold that Mr. Malakhov has not provided any evidence to show that he participated in any covered programs to earn FSA credits before his arrival at FDC SeaTac.

---

[1] Judge Leupold noted that "[i]n § 2241 cases, exhaustion is a prudential rather than jurisdictional requirement, and it is therefore subject to waiver," which can occur when "pursuit of administrative remedies would have been futile." *Id.* at 5–6.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

Accordingly, the Court ADOPTS the R&R, Dkt. No. 10, and DISMISSES the habeas petition.

Dated this 20th day of January, 2026.

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4